UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61557-DIMITROULEAS/STRAUSS

**ANTHONY JEROME WALKER,** *et al.*,

    Plaintiffs,

v.

**GRAMPA's REAL ESTATE INC.,**
d/b/a Grampa's Bakery & Restaurant, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Defendants' Motion for Sanctions and Incorporated Memorandum of Law ("Motion for Sanctions"). (DE 38). The Motion in this case was denied in part and referred in part by the Honorable William P. Dimitrouleas, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida ("Referral Order"). (DE 41). Specifically, the Referral Order referred to me the issue of attorney's fees, which Defendants seek as a result of Plaintiff Macula and Plaintiff Williams failing to appear at mediation, where Plaintiffs' counsel and the other eleven Plaintiffs appeared. *Id.* Having reviewed the Motion for Sanctions, the supplement to the motion ("Supplement") (DE 49), the Response (DE 51) and the record, and being otherwise duly advised, I respectfully **RECOMMEND** that the Motion for Sanctions be **DENIED** as detailed below.

Because the Motion for Sanctions seeks an *unspecified* amount of attorney's fees pursuant to Fed. R. Civ. P. 16(f) against Plaintiffs Macula and Williams only – not against Plaintiffs' counsel – I ordered Defendants to supplement their motion if the parties' conferral efforts pertaining to fees sought by the motion were unsuccessful. (DE 43 at 3). On August 2, 2021, Defendants filed

their Supplement. (DE 49). The Supplement seeks a total of 1.2 hours at $300 per hour, or a total of $360.00, *only for the time spent preparing the Motion for Sanctions*. *Id.*

Federal Rule of Civil Procedure 16(f) allows for sanctions if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). In making their Motion for Sanctions, Defendants state that "Rule 16(f)(2) provides, '[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust.'" (DE 38 at ¶12) (quoting from *Granados v. Palm Coast Bldg. Maint., Inc.*, No. 20-CV-81917-RAR, 2021 WL 1617689, at *2 (S.D. Fla. Jan. 26, 2021)). As Defendants note, however, "'[t]he sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *Id.* at ¶11 (quoting *Granados*, 2021 WL 1617689 at *2 (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

Here, it does not appear that the nonappearance of Plaintiffs Williams and Macula at mediation caused unreasonable delay or interference with trial preparation. Indeed, Defendants state that "[d]ue to the presence of every other Plaintiff in this matter at mediation, Defendants do not [even] believe an award of fees and costs against Plaintiffs' counsel is warranted." (DE 38 at ¶15). Thus, Defendants acknowledge that eleven of the thirteen Plaintiffs appeared as scheduled for mediation and seek sanctions only against two of the thirteen Plaintiffs individually. Additionally, Plaintiffs' counsel avers that the mediation ended quickly in an impasse because the parties were far apart in their positions regarding settlement. (DE 51 at ¶4). Moreover, Defendants fail to identify or seek any fees or costs that were unnecessarily incurred or avoidable due to

Plaintiffs Williams and Macula not attending the mediation. Instead, Defendants seek fees for preparation of their motion for sanctions. (DE 49 at 2). Thus, I conclude that Plaintiff Williams' and Plaintiff Macula's nonappearance caused no interference or delay, and monetary sanctions under Rule 16(f) are not supported in this instance.

Nevertheless, Plaintiffs Williams and Macula appear unengaged in this litigation and should be held accountable for such conduct. Plaintiffs' counsel notes that he has been unable to reach Plaintiffs Williams and Macula, and he seeks to withdraw as counsel as a result. (DE 51 at ¶12; DE 50). While the District Court declined to dismiss the claims of Plaintiffs Macula and Williams for failure to appear at mediation (DE 41), their counsel's averment that he has been unable to contact them provides stronger indication that they are not pursuing their claims. Indeed, while Plaintiffs' counsel filed a response to the instant Motion for Sanctions on their behalf, Plaintiffs Macula and Williams offer no explanation for their failure to attend mediation, and their attorney seeks to withdraw as counsel because he has "lost contact" with them. (DE 50). "A district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket" if a plaintiff fails to comply with a court order or fails to prosecute the case. *Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). Therefore, I recommend that the District Court issue an Order to Show Cause directing Plaintiffs Macula and Williams to show cause why their claims should not be dismissed for failure to prosecute.

In sum, while I find that sanctions under Rule 16(f) are not warranted, I also find that Plaintiffs Macula and Williams should be held accountable for their lack of engagement with this case. Although their failure to attend mediation standing alone may not warrant dismissal, compounding that failure by failing to provide a reasonable (or, indeed, any) explanation for that

failure and not communicating with their counsel suggests a need for additional scrutiny. Accordingly, I respectfully **RECOMMEND** as follows:

1. That the Motion for Sanctions (DE 38) be **DENIED**; and

2. That Plaintiffs Macula and Williams be **ORDERED** to **SHOW CAUSE** within a reasonable period of time why their claims should not be dismissed for failure to prosecute.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 10th day of August 2021.

Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. William P. Dimitrouleas
Counsel of record