UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61557-DIMITROULEAS/STRAUSS

ANTHONY JEROME WALKER, *et al.*,

      Plaintiffs,

v.

GRAMPA'S REAL ESTATE INC., *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiffs' Bill of Costs [DE 128] (the "Motion"). The Motion has been referred to me for appropriate disposition or report and recommendation [DE 129]. I have reviewed the Motion, the attachments thereto, Defendants' response [DE 133], and the record in this case. Plaintiffs have not filed any reply, and the time to do so has passed. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART** and that Plaintiffs be awarded taxable costs in the amount of **$4,961.95**.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be

supported by a sound reason.  *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920.  *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).  In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920.  *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).  Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## ANALYSIS

On February 2, 2022, following the conclusion of a three-day jury trial in this matter, the jury rendered a verdict in Plaintiffs' favor [DE 116].  In accordance with the jury's verdict, on February 3, 2022, the Court entered a Final Judgment in favor of Plaintiffs and against both Defendants [DE 115].  Thus, it is undisputed that Plaintiffs are the prevailing parties.  Therefore, they are entitled to an award of taxable costs against Defendants.

Pursuant to the Motion, Plaintiffs seek an award of the following costs:

| Description | Amount |
|---|---|
| Filing Fee | $400.00 |
| Service of Process | $2,482.00 |
| Copying | $3,829.95 |
| **Total** | **$6,711.95** |

Defendants do not challenge Plaintiffs' request to recover the filing fee or copying costs. Therefore, I recommend that the filing fee and copying costs be taxed against Defendants in accordance with § 1920(1) and § 1920(4), respectively. With respect to the service costs of $2,482, however, Defendants challenge the requested amount, contending that it should be limited to $82.

As indicated above, § 1920(1) permits the taxing of "[f]ees of the clerk and marshal." This includes fees for service of a summons or subpoena by private process servers. *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3).

Here, the sum sought for service of process costs includes $41 for service on the individual Defendant, $41 for service on the corporate Defendant, and $2,400 for "Waiting Time (Hourly)" as to the corporate Defendant.[1]  [DE 128-2, 130-1]. The two charges of $41 are clearly taxable as Defendants acknowledge. However, Defendants contest the $2,400 charge for "Waiting Time," which is calculated based upon 32 hours at an hourly rate of $75.

---

[1] Although the "Waiting Time" charge is listed on the invoice for the corporate Defendant, it appears to apply to both Defendants as the individual Defendant was served on behalf of the corporate Defendant at the same time she was served in her individual capacity. *See* [DE 11, 12].

In support of their argument to recover the entire sum sought for service of process, Plaintiffs note that Defendants attempted to evade service, pointing to the hoops their process server needed to jump through to serve Defendants. Specifically, the process server's Affidavits of Service [DE 11, 12] indicate that the process server initially attempted to serve Defendants at the corporate Defendant's business location but discovered the business was no longer operating (though not vacant). The process server then attempted to serve Defendants at the home address of the individual Defendant (who is also the registered agent for the corporate Defendant). After multiple unsuccessful attempts, the process server conducted stakeouts, hoping to effectuate service when the individual Defendant arrived or left. A different process server subsequently conducted surveillance. Finally, on December 12, 2020, Plaintiffs were able to effect service (though, the individual Defendant apparently attempted to lie about her identity). I agree with Plaintiffs that the Affidavits of Service reveal efforts by Defendants to evade service.

In opposing the "Waiting Time" charge, Defendants contend that waiting time is not taxable. Even if it is, they contend that the process server's invoice fails to provide sufficient justification for the number of hours listed, and they note that the $75 hourly charge exceeds the maximum permissible hourly charge of $65.

I disagree with Defendants that the process server's waiting time cannot be taxed, as the waiting time costs were incurred in connection with service of process and as a direct result of Defendants attempting to evade service. *Cf. McColloch v. Orange Lake Country Club, Inc.*, No. 6:02-CV-1403-ORL-28JGG, 2005 WL 8159817, at *3 (M.D. Fla. June 27, 2005), *report and recommendation adopted*, 2005 WL 8159818 (M.D. Fla. July 25, 2005) (taxing surveillance time reasonably incurred in connection with service under § 1920(1) where individual attempted to evade service). However, I agree that the invoice fails to demonstrate the reasonableness of the

32 hours billed.  The Affidavits of Service do provide some justification.  Nonetheless, they too do not establish or detail the reasonableness of the 32 hours sought, and Plaintiffs failed to file a reply to further elucidate the work that was done and the number of hours at issue.  Based on my review of the Affidavits of Service, but without the benefit of further information, including the dates on which the process server performed work and the hours and tasks incurred on those dates, I find that allowing 10 hours of waiting time is reasonable.  Such amount, though, should only be taxed at $65 per hour in accordance with 28 C.F.R. § 0.114(a)(3).  Thus, I recommend awarding Plaintiffs service of process costs in the amount of $732 ($82 + $650), as well as the filing fee of $400 and copying costs of $3,829.95, for a total award of $4,961.95.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 128] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiffs taxable costs in the amount of **$4,961.95**, plus interest (from February 3, 2022).[2]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

---

[2] *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 2nd day of April 2022.

Jared M. Strauss
United States Magistrate Judge