UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 20-CV-61557-DIMITROULEAS/STRAUSS**

**ANTHONY JEROME WALKER,** *et al.*,

     Plaintiffs,

v.

**GRAMPA'S REAL ESTATE INC.,** *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiffs' Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. § 216(b), Request for Fee Multiplier, and Non-Taxable Costs [DE 142] (the "Motion"). The Motion has been referred to me for appropriate disposition or report and recommendation [DE 143]. I have reviewed the Motion, the Response [DE 149] and Reply [DE 157] thereto, the Notice of Previously Awarded Fees [DE 147], and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART** and that Plaintiffs be awarded attorney's fees in the amount of $127,265.62 and non-taxable costs in the amount of $600, for a total award of **$127,865.62**.

## BACKGROUND

On February 2, 2022, following the conclusion of a three-day jury trial in this matter, the jury rendered a verdict in Plaintiffs' favor [DE 116].[1] In accordance with the jury's verdict, on

---

[1] Initially, there were 13 Plaintiffs in this case. However, only eight Plaintiffs remained at the time of trial – the Court dismissed two Plaintiffs for lack of prosecution, and three other Plaintiffs voluntarily dismissed their claims prior to trial. *See* [DE 75, 94, 95].

February 3, 2022, the Court entered a Final Judgment in favor of Plaintiffs and against both Defendants [DE 115]. Thereunder, Plaintiffs were awarded a total of $290,715.54. According to the Motion, this figure represents 99.98% of the amount Plaintiffs sought at trial.

Following trial, Defendants filed a Motion for Remittitur, or, Alternatively, for New Trial as to Damages Only [DE 127]. The Court granted that motion in part [DE 158] and entered an Amended Final Judgment [DE 159] on May 19, 2022. Thereunder, Plaintiffs were awarded a total of $268,226.12, as follows:

| | |
|---|---|
| Anthony Walker | $77,110.80 |
| Merisier Modelet | $92,835.96 |
| Terry Brown-Mondesir | $8,238.96 |
| John Michael Munro | $5,844.94 |
| Jennie Tomasello Skula | $46,799.42 |
| Marie Deparolesa | $4,367.98 |
| Dawn Charlton | $16,883.00 |
| Marjorie Connor | $16,145.06 |

Thus, even with the reductions, Plaintiffs were still awarded the substantial majority of the amounts sought at trial. At any rate, Plaintiffs clearly prevailed in this case, and it is undisputed that they are entitled to an award of reasonable attorney's fees. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985))); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) ("Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" (quoting 29 U.S.C. § 216(b))).

<u>**ANALYSIS**</u>

Pursuant to the Motion, Plaintiffs seek an award of attorney's fees in the amount of $203,625.00. This sum is comprised of 452.5 hours at an hourly rate of $450. As discussed herein, I recommend that these items be reduced to 339.375 hours (an across-the-board cut of 25%) and an hourly rate of $375, and therefore, that Plaintiffs be awarded attorney's fees in the amount of $127,265.62.

Plaintiffs also request an award of non-taxable costs in the amount of $600, which they paid in connection with the mediation in this case. The Court previously awarded Plaintiffs taxable costs. *See* [DE 141, 150]. Because the mediation costs are not taxable, they were not previously sought or awarded. However, Plaintiffs now contend that they are entitled to recover the mediation costs as non-taxable costs in connection with their fee motion. Because Defendants have not contested this request in their response, I recommend that the mediation expenses of $600 be awarded.[2]

**A. LEGAL STANDARD – REASONABLE ATTORNEY'S FEES**

When determining the reasonableness of attorney's fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee

---

[2] Had Defendants contested the request, my recommendation may have been different.

applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

### B.  REASONABLE HOURLY RATE

I find that $375 per hour is a reasonable hourly rate for Plaintiffs' counsel, Elliot Kozolchyk, in this matter.  As it is Plaintiffs seeking an award of attorney's fees, they have the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate."  *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).  "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"  *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299).  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

Here, Mr. Kozolchyk contends that $450 is a reasonable hourly rate for him, though he notes that his fee agreement with Plaintiffs provides for an hourly rate of $400.  In attempting to justify his requested hourly rate, counsel notes that he is the sole shareholder of Koz Law, P.A. and that he has practiced exclusively in labor and employment law for more than 12 years.  He also notes that he has previously been awarded a $400 rate in one case and that other cases have found rates as high as $400 or $450 to be reasonable in FLSA cases.  Mr. Kozolchyk additionally states that he recently prevailed in a jury trial in a different case involving Defendants' counsel and that his clients were awarded 100% of what they sought in that case.  Ultimately, he contends that his requested hourly rate is justified based on his experience, the results obtained, and current market rates.  Defendants, however, contend that $375 is a reasonable hourly rate for Mr. Kozolchyk, and they note 11 cases going back to 2020 where Mr. Kozolchyk was awarded an hourly rate of either $350 or $375.

Based on my consideration of the parties' arguments, Mr. Kozolchyk's experience and qualifications, Eleventh Circuit case law and case law in this district (including cases awarding fees in FLSA cases), and my own knowledge regarding reasonable hourly rates in this community (including, specifically, in FLSA cases), I agree with Defendants that $375 is a reasonable hourly rate for Mr. Kozolchyk. A greater rate would be unreasonable. As an initial matter, I have previously found $350 to be a reasonable hourly rate for Mr. Kozolchyk for time incurred less than a year before this case was filed. *Paul v. Am. Liberty Van Lines LLC*, No. 19-60512-CIV, 2020 WL 8082378, at *2 (S.D. Fla. Mar. 10, 2020). While I made that finding 2 years ago, and while I agree that $375 is now a reasonable hourly rate for Mr. Kozolchyk – accounting for, *inter alia*, the excellent result he obtained in this case – $400 or $450 per hour is not reasonable.

Significantly, putting aside the one case where Mr. Kozolchyk notes he was awarded a $400 rate (in the context of a default judgment), other judges in this district who have considered Mr. Kozolchyk's reasonable hourly rate over the last few years have overwhelmingly found $350 or $375 (and no more) to be reasonable. *See, e.g.*, *Phillips v. SC Cap. Ventures, Inc.*, No. 19-62555-CIV, 2020 WL 2988381, at *2 n.2 (S.D. Fla. June 4, 2020) ("This Court routinely refuses to award Kozolchyk more than $375/hr."). In fact, I directed Mr. Kozolchyk to file a notice indicating, *inter alia*, the rate he has been awarded in cases in this district over the last 2 years, and each case listed (aside from the one $400 case) in the filed notice [DE 147] reflects an awarded rate of $375. Defendants also identify other cases from the last few years where Mr. Kozolchyk was awarded a rate of either $350 or $375. *See* [DE 149] at 4.

Ultimately, this is an FLSA case, and while it did proceed to trial, Mr. Kozolchyk has failed to show that it is more complex than a run-of-the-mill FLSA case. In FLSA cases in this district, a rate of $400 or more seems to be the exception rather than the rule. In fact, $375 has been

considered to be "at the high end of the range of rates charged in" this district for FLSA attorneys. *Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015); *see also Phillips*, 2020 WL 2988381, at *2 n.2; *Allen v. Robert F. DeLuca, M.D., P.A.*, No. 9:18-CV-81265, 2019 WL 12265795, at *1 (S.D. Fla. Oct. 29, 2019), *report and recommendation adopted*, 2020 WL 9458729 (S.D. Fla. Jan. 2, 2020) (reducing rate of attorney with more than 40 years of experience from $420 to $350); *Vertilus v. Anglin's Beach Cafe, LLC*, No. 19-61462-CIV, 2019 WL 4139498, at *2 (S.D. Fla. Aug. 30, 2019) (reducing attorney's rate from $450 to $375). In the handful of FLSA cases where a rate above $400 has been approved for FLSA attorneys in this district, the attorneys had more experience than Mr. Kozolchyk. For instance, in the case referenced in the Motion where a $450 rate was awarded, the attorneys who were awarded the $450 rate had been practicing law for more than 30 years; moreover, the defendant did not object to their requested rate (of $475, which was nonetheless not awarded). *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350-51 (S.D. Fla. 2007).

One last issue regarding Mr. Kozolchyk's rate warrants a brief discussion. In a footnote in the background section of the Motion, Mr. Kozolchyk implies that he is requesting a $450 rate – as opposed to the $400 rate in his fee agreement with Plaintiffs – in part because there was a delay in proceeding to trial. Specifically, Mr. Kozolchyk relies on the following statement in *Norman*: "In this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates." *Norman*, 836 F.2d at 1302 (citations omitted). While the Court need not consider this argument because it is merely raised in passing in a footnote, Plaintiff has nonetheless failed to show that any delay enhancement is warranted. Significantly, the Eleventh Circuit has made clear – based on Supreme Court precedent following *Norman* – that while "an enhancement for delay

in the payment of attorney's fees . . . may be justified", that can only be the case "where there are 'extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees,' especially where 'the delay is unjustifiably caused by the defense.'"  *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1045 (11th Cir. 2010) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 556 (2010)).   Plaintiffs have failed to demonstrate (or even attempt to demonstrate) any such extraordinary circumstances or exceptional delay in the payment of fees in this case – a case (originally with 13 Plaintiffs) where trial concluded 18 months after the Complaint was filed.  Regardless, for the reasons discussed above, I find that $375 is the maximum *current* rate that is reasonable for Mr. Kozolchyk.

### C.  HOURS REASONABLY EXPENDED

As noted above, Plaintiffs contend that their counsel reasonably incurred 452.5 hours. Defendants, however, contend that Plaintiffs' counsel only reasonably billed 286 of those hours. Therefore, Defendants request that the Court disallow the remaining 166.5 hours sought by Plaintiffs.  *See* [DE 149] at 17; [DE 149-1].  The reasons Defendants seek such a reduction, and my analysis of the issues raised, are discussed herein.

First, Defendants contend that "[t]he case started out overbilled" when Plaintiffs' counsel billed 1.3 hours for drafting a 4-page form complaint that counsel routinely uses.  [DE 149] at 9. They indicate (citing to a recent case in this district) that there is a recurring theme with Plaintiffs' counsel overbilling to prepare form documents in his cases.  To evaluate this objection, I compared the complaint in this case to the complaints that Plaintiffs' counsel filed in a few other cases that were filed around the time this case was filed.  Defendants' objection is well-taken.  Counsel's complaints are virtually identical.  The only differences appear to be the parties' names and the positions of the plaintiffs in each case.  In the Complaint in this case, counsel simply listed the

position for each plaintiff as cook, bakery salesperson, general worker, server, and/or manager. [DE 1] ¶¶ 6-17.  Given the small amount that was added into the Complaint in this case – compared to complaints in counsel's other cases – I agree with Defendants that the time billed was excessive and that counsel did not reasonably expend more than 0.5 hours on the Complaint.  *See* [DE 149-1] at 1.  I also agree with Defendants that it was unreasonable for Plaintiffs' counsel to bill 0.4 hours for preparing the Amended Complaint [DE 26].  The complaint was amended solely to add one plaintiff and to add an additional sentence (paragraph 18) to note that the new plaintiff was a server.  Defendants correctly posit that 0.2 hours is reasonable for preparing the Amended Complaint.  *See* [DE 149-1] at 4.

Second, Defendants contend that Plaintiffs' counsel unreasonably seeks nearly 8 hours of time for preparing statements of claim (DE 1-1 through DE 1-12).  Defendants argue that the statements of claim are not complex, and they note that the minimum wage and overtime figures would be the same for servers.  Ultimately, Defendants posit that no more than 2.5 hours is reasonable to prepare the statements of claim.  Plaintiffs, however, indicate that the statements of claim are unique and complex, and in support, paste copies into their Reply.  [DE 157] at 6-7.  Having reviewed the statements of claim (for which counsel seeks to recover fees), I agree with Defendants that the statements are not complex and that the amount billed was unreasonable.  That is especially so after counsel billed 2 hours to meet with and interview each Plaintiff.  Moreover, while counsel would need to gather the information reflected in the statements of claim (from those initial client interviews), preparing the statements themselves could have easily been done by a non-attorney once counsel provided the information learned from Plaintiffs.  I do agree with Plaintiffs that reducing the time spent on the statements of claim to 2.5 hours would be too drastic. Nonetheless, without further information from Plaintiffs' counsel as to how it took roughly 8 hours

to prepare the statements (for which he seeks to recover fees), when such an amount seems clearly excessive from the face of the statements, the number of hours billed to prepare the statements is somewhat unreasonable.

Third, Defendants contend that the time billed by Plaintiffs' counsel in connection with written discovery is excessive. With respect to discovery served by Plaintiffs' counsel, Defendants note that Plaintiffs' counsel billed 5.8 hours preparing the same form discovery that he uses in his other FLSA cases. I agree that there does appear to be a recurring theme with counsel billing excessive time for using the same forms in different cases (as with the complaint and fee motion). This does not mean that counsel should not use the same forms when useful. It simply means that his time is somewhat excessive when he bills several hours to complete a task where much of the work was already done in a previous case.

The bigger problem with discovery is the amount of time Plaintiffs' counsel spent in connection with the discovery served by Defendants. Defendants served interrogatories and requests for production directed to each Plaintiff around March 2021. Plaintiffs' counsel billed 2 hours for an initial review of the discovery directed to one Plaintiff and 0.4 hours as to each additional Plaintiff. Defendants note that the discovery requests were largely identical. In the Reply, Plaintiffs' counsel asserts in a conclusory manner that the discovery requests had differences and were not identical, but he does not seem to dispute that the requests were largely identical. In any event, billing 2 hours to simply conduct a preliminary review of discovery requests – I say preliminary given the additional time that was later billed in connection with the same discovery – for one client and then billing an additional 0.4 hours per client to conduct the same preliminary review of largely identical discovery requests is excessive. That is especially so given all of the hours billed following counsel's preliminary review.

After conducting his preliminary review, Plaintiffs' counsel then apparently spent 0.6 hours on phone calls with each client *separately* discussing "what will be needed from client."  I realize that not every client is available at the same time and that there may be some small variation in requests, but it is unclear why counsel addressed a similar issue with each client individually when they are all plaintiffs in the same case and share many similarities.  It is plainly inefficient to hold separate phone calls with every single client in a case like this.  It is also somewhat concerning that the same amount of time (0.6 hours) is billed for each phone call.  If each call took exactly the same amount of time, then counsel's message to each client must have been substantially the same, which would mean that individual calls are clearly inefficient.  Moreover, counsel then met with each client for 2-4 hours, again *individually*, to prepare responses to the discovery requests.  If that were not enough, he then, once again, met with each client for 2-3 hours, again *individually*, to "finalize" discovery responses.  The time billed is plainly excessive for a non-complex FLSA case, and counsel went about things in an overly inefficient manner.  I expect an attorney who bills $375 per hour and who has handled hundreds of FLSA cases to be substantially more efficient.

Fourth, Defendants contend that Plaintiffs' counsel spent an excessive amount of time preparing his clients for their depositions.  For instance, they note that counsel billed 4.5 hours preparing one client for her deposition even though the deposition ultimately lasted only 2 hours and was scheduled on the same day as another deposition to begin with (meaning it would last no longer than a half-day).  Plaintiffs' counsel replies that depositions could potentially last up to 7 hours.  However, that of course is not going to be the case when multiple depositions are scheduled for the same day.  Regardless, one of the main problems here is that counsel's billing entries regarding deposition preparation reflect nothing more than "Deposition Prep [or preparation] with [client name]."  These overgeneralized entries are insufficient to carry Plaintiffs' burden,

especially in light of the fact that counsel frequently spent longer preparing for depositions with clients then the depositions themselves lasted.  Without further information from Plaintiffs' counsel in billing entries about the specific preparation tasks (where preparation often exceeded 4 hours per client), I find it unreasonable to award counsel preparation hours greater than the hours spent at deposition.[3]  Defendants likewise are correct that it is unreasonable for Plaintiffs' counsel to have billed 0.5 hours (each) for phone calls with clients regarding their depositions (in addition to the preparation time) without any explanation to show why counsel reasonably spent that much time with each individual client in connection with their depositions.

Fifth, Defendants contend that counsel's time billed in connection with summary judgment is excessive.  They note that Plaintiffs' counsel billed (1.2 hours) for reviewing DE 65 (Motion for Partial Summary Judgment) and DE 66 (Statement of Material Facts).  While 1.2 hours ordinarily sounds very reasonable for reviewing these types of filings, my own independent review of DE 65 reveals that this motion of less than 4.5 pages (including case style, signature block, and generic summary judgment standard) would not reasonably take more than 15 minutes to review.  As to DE 66, it consists of a single asserted undisputed material fact, supported by a single exhibit, and would not reasonably take more than a few minutes to review.  Defendants are also correct that the time billed for preparing certain summary judgment filings is excessive.  For instance, putting aside time billed for legal research, counsel spent more than 10 hours preparing Plaintiffs' summary judgment response, statement of facts, and affidavits.  Ordinarily, that sounds more than reasonable.  But the filings themselves reveal that it was unreasonable to have spent the amount of time billed.  In particular, counsel billed at least 4.5 hours for preparing DE 77 (summary judgment

---

[3] To be clear, this issue pertains to counsel preparing Plaintiffs for their respective depositions, not counsel preparing himself to take depositions of Defendants.

response) and at least 2 hours for preparing DE 78 (response statement of facts).  I say "at least" because counsel also billed an additional 2.2 hours for "finaliz[ing]" these two items.  With respect to the response statement of facts, 2 hours alone is excessive.  Counsel simply wrote "undisputed" for the single fact in Defendants' statement of facts and then added seven additional facts (one sentence each).  Four of the additional facts were simply carried over from his client's affidavits, and the other three reflect simple figures that would have been quickly pulled from the first page of the corporate defendant's tax returns.  The time spent on the summary judgment response (between 4.5 and 6.7 hours) is also excessive.  It contains 3.5 pages of argument, but at least half of the brief argument section is made up of lengthy block quotes that were copied and pasted. Simply stated, a review of DE 77 and DE 78 reveals that the amount of time billed to prepare these filings – putting aside time for legal research, which was separately billed – is excessive.

Sixth, Defendants contend that Plaintiffs' counsel spent an excessive amount of time analyzing records to prepare for trial.  Specifically, counsel billed roughly 7 hours per client to analyze time sheets and payroll records in advance of trial, records that he seemingly had already reviewed and analyzed based on earlier time entries.  Although earlier time entries do not specify the client whose records counsel was reviewing, counsel has entries (on 8/31/21 and 9/1/21) noting that he reviewed and compared paystubs and time records.  He also has several other entries indicating he reviewed hundreds of pages of documents at a time without specifying the documents he reviewed.  As to the 7 hours per client for (apparently again) reviewing time and payroll records, the amount billed (before the rate reduction) for analyzing each client's records before trial was between $2,970 and $3,375 (per client).  This is in addition to all other time spent as to each client and reviewing records during earlier portions of the case.  The descriptions for the trial preparation entries from December 2021 and January 2022 – the entries ranging from $2,970 to $3,375 – are

substantially similar.  But Plaintiffs have not shown how it reasonably took roughly 7 hours per client (for these individual entries) when the amounts owed to each client may be substantially different.

For instance, it is noteworthy that the amount billed (before the rate reduction) for analyzing Marie Deparolesa's records (putting aside all other time related to Ms. Deparolesa) on January 19, 2022 was $3,285.  That is because following trial, Ms. Deparolesa was awarded $4,367.98 (a sum that includes liquidated damages).  This is noteworthy for at least two reasons. First, and foremost, it took roughly the same amount of time to conduct this same pre-trial review for every other client, regardless of what they were owed.  In fact, the amount billed for counsel's pre-trial review of the records of Anthony Walker and Merisier Modelet, who recovered $77,110.80 and $92,835.96, respectively, was $3,150 each. Additionally, the amount billed to review the records of Jennie Skula, who recovered $46,799.42, was $3,375.  Plaintiffs have not shown why it was reasonable for it to take roughly the same amount of time to re-review every client's records before trial.  To be clear, I do not intend to suggest that because Ms. Deparolesa recovered less than 5% of what Ms. Modelet recovered that the review of their respective records should have been proportional to their respective recoveries.  But it is unreasonable, at least without further explanation, for counsel to have spent longer re-reviewing Ms. Deparolesa's records than he spent re-reviewing the records of Mr. Walker and Ms. Modelet.  Second, it does not appear to be reasonable for it to have taken more than 7 hours to re-review the records of Ms. Deparolesa when she was owed less than $2,200 before liquidated damages.  To be clear, Plaintiffs' counsel reasonably incurred more than the $4,367.98 awarded to Ms. Deparolesa in this case in connection with counsel's representation of Ms. Deparolesa. Defendants could have (and probably should have) done more to resolve the claim prior to trial.  They did not, and Plaintiffs

are obviously entitled to recover reasonable attorney's fees.  All I mean to suggest is that it should not have reasonably taken more than 7 hours to re-review the records of someone who was owed less than $2,200 before liquidated damages, especially when counsel had already reviewed and analyzed time and payroll records during the pendency of the case.  I also do not mean to suggest that it was unreasonable to re-review records to prepare for trial.  Rather, the time spent doing so was excessive.

Seventh, Defendants object to Plaintiffs' counsel billing further time to discuss case updates with his clients and for the amount of time he billed to discuss a settlement offer with his clients.  These billing entries show that counsel (again) had these discussions with each Plaintiff individually, billing 0.5 hours for each call to discuss the settlement offer on January 12, 2022, and billing an additional 0.3-0.5 hours per call the following week to discuss "case status and trial preparation."  And yet again, there were more communications with each client for the third week in a row on January 28, 2022.  On that day, counsel billed 0.3-0.5 hours per client to provide a "case update" to each client individually (counsel's billing records do not reflect whether the case updates were provided via calls or emails).  Additionally, on that same day (January 28, 2022), counsel also billed an additional 0.3 to 0.7 hours per client to "discuss[] case and settlement offer" with each client individually.  Thus, in less than 3 weeks, counsel individually communicated with each client on 4 separate occasions (including 2 separate communications per client on the same day), spending nearly 15 hours on these communications (in addition to all of his other time working on this case and his numerous other matters).  On January 28, 2022 alone, counsel's 16 client communications (2 per client) totaled 7.3 hours.  Moreover, these communications occurred the very day before counsel met with all of his clients for 10 hours (on January 29, 2022).  The amount of time speaking with and meeting with clients for a non-complex FLSA case is  excessive

– as discussed above, numerous other hours were also billed for client calls and meetings – and conducting most client meetings and calls individually was inefficient given the overlapping issues and interests.  Defendants certainly owe reasonable fees to Plaintiffs, but Defendants should not have to pay for counsel's billing inefficiencies.

Eighth, Defendants contest the amount of time Plaintiffs' counsel spent meeting with his clients to prepare for trial and the amount of time counsel spent preparing for examination of witnesses.  As to the time meeting with clients to prepare for trial, Defendants note that counsel met with his clients on two separate sessions in December 2021 to prepare for trial and an additional session with all clients in January 2022.  While the limited descriptions provided for the 22 hours billed warrants some reduction (as Plaintiffs have the burden of adequately documenting the reasonableness of the hours), I do note that these entries represent the one time that counsel appears to have acted more efficiently by meeting with multiple clients at the same time.  However, Defendants also note that Plaintiffs' counsel billed numerous hours for preparing for the examination of witnesses.  This includes entries in late January 2022 for 3 hours each that state nothing more than "Trial prep, prepared for examination of [client name]."  While understandable that it may take significant time to prepare for the direct examination of a client, a case like this would involve many similar questions for each Plaintiff (especially those in the same category, like servers).  Thus, these 3-hour entries appear to be excessive for at least several clients, especially given all of the other time spent on trial preparation.  At a minimum, a reduction is warranted given that the overgeneralized description provided for these entries is insufficient to discharge Plaintiffs' burden here.  In finding that a reduction is warranted, I fully recognize the great result Plaintiffs' counsel achieved in this case.

Ninth, Defendants take issue with the time Plaintiffs' counsel spent in connection with the Motion – 4 hours reviewing billing records, 2.6 hours on legal research, and an additional 4 hours working on the Motion.  As to the billing records, Plaintiffs' counsel notes that there are 16 pages of records containing more than 450 entries.  While I agree that the records are voluminous, Defendants are correct that it should not take Plaintiffs' counsel 4 hours to review records that he should have been contemporaneously keeping.  Plaintiffs' counsel also notes that he spent time removing hours related to Plaintiffs that were dismissed from the case prior to trial.  However, counsel should have maintained hours separately for each client from the outset in sub-files, only recording hours in the main file when a task pertained to multiple clients.  With respect to the time for preparing the Motion and conducting legal research, Plaintiffs' counsel notes that the Motion is 13 pages long and that he conducted legal research specific to this case.  As an initial matter, the Motion is closer to 10 pages long without the cover page, certificate of conferral, signature block, and verification page.  Moreover, the majority of those 10 pages contain recycled material that counsel previously prepared and filed in other cases.  *See, e.g.*, *Cauzo v. Katane LLC*, 20-cv-60396, at DE 110 (S.D. Fla. Nov. 2, 2021).  Given that much of the Motion was recycled from counsel's earlier filing(s) and not prepared from scratch, the time billed is excessive.

Tenth, Defendants contend that a small handful of entries (which appear to total less than 2 hours) should be deducted because they include time for clerical work.  These entries largely pertain to service, including communications with the process server and communications with clients to obtain further information to serve Defendants.  I do not find that these entries warrant a reduction for clerical or administrative work.  While initial communications with process servers is administrative work that does not warrant attorney time, Plaintiffs correctly note that I previously found that the affidavits of service in this case evidence efforts by Defendants to evade

service.  *See* [DE 141] at 4.  Under the circumstances, it was reasonable for counsel to spend some time trying to rectify service issues caused by Defendants.

Finally, Defendants complain about "unit billing."  "Unit billing is the practice of billing certain tasks at a predetermined amount instead of the actual time spent."  *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2016 WL 3944033, at *7 (S.D. Fla. Jan. 15, 2016), *report and recommendation adopted*, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016) (internal quotation marks and citation omitted).  Here, however, most of the "unit billing" issues Defendants complain of pertain to entries that are only for 0.1 hours (and the unit billing objections pertain to a total of about 4 hours of time).  I did notice one entry for 0.2 hours that should have been for only 0.1 hours (8/10/20 entry for reviewing DE 5), but it is generally reasonable to bill 0.1 hours to review a filing that only takes one or two minutes to review.  Of course, if reviewing 2 brief filings on the same day that collectively take less than 6 minutes to review, only 0.1 hours should be billed to collectively review both entries.  But most of the complained of entries here apply to separate days.  Overall, very little of the approximately 4 hours at issue here should be deducted.

In light of the foregoing, I agree with Defendants that the number of hours billed is unreasonably high.  As such, and because the billing records here are voluminous, I find it appropriate to apply an across-the-board reduction.  As indicated above, Defendants seek to have the Court reduce Plaintiffs' counsel's 452.5 hours by more than 166 hours, a reduction of almost 37%.  Based upon my discussion above, I find that more than half, but slightly less than 75%, of the hours Defendants complain about are excessive or otherwise unreasonable (at least based on the descriptions provided).  Therefore, I find it appropriate to apply an across-the-board reduction of 25% (approximately two-thirds of the reduction sought by Defendants).

### D. LODESTAR

For the reasons discussed above, I find that Plaintiffs' counsel's reasonable hourly rate is $375 and – based on an across-the-board cut of 25% – that counsel reasonably expended 339.375 hours of work on behalf of Plaintiffs in this matter. Therefore, the lodestar figure for this matter is $127,265.62 ($375 * 339.375 hours).

Plaintiffs' counsel, however, requests an enhancement or multiplier "due to the quality of the work performed, complexity of the issues, and the recovery obtained." Motion at 4. In this regard, while the lodestar is strongly presumed to be reasonable, it "can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client." *Iron Sushi*, 752 F. App'x at 913 (citing *Hensley*, 461 U.S. at 434). Nonetheless, an enhancement or multiplier is reserved for "rare and exceptional" cases. *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019) (quoting *Perdue*, 559 U.S. at 552). "To warrant a multiplier, the fee applicant must produce 'specific evidence' that an enhancement is necessary to provide a reasonable fee. *Id.* (citing *Perdue*, 559 U.S. at 553). For instance, an enhancement may be proper if: (1) "the method used in determining the hourly rate . . . does not adequately measure the attorney's true market value"; (2) "counsel incurs an 'extraordinary outlay of expenses' in the case"; or (3) "there is an 'exceptional delay in the payment of fees.'" *Id.* at 1083 (quoting *Perdue*, 559 U.S. at 554-56).

Here, the method used in determining counsel's hourly rate more than adequately measures counsel's true market value for the reasons discussed above. That is precisely why judges in this district "routinely refuse" to award him a rate greater than $375 per hour. *Phillips*, 2020 WL 2988381, at *2 n.2. Moreover, counsel has failed to provide specific evidence to establish that his true market value is greater, that he incurred an extraordinary outlay of expenses, or an exceptional

delay in the payment of fees.  Counsel has likewise failed to provide specific evidence to show that the lodestar "would not have been 'adequate to attract competent counsel.'"  *Perdue*, 559 U.S. at 555 (citation omitted).  As to the specific reasons counsel has provided for a multiplier – quality of work, complexity, and result – I have already accounted for these considerations in determining the lodestar.  *Cf. In re Home Depot*, 931 F.3d at 1083 ("The Supreme Court has made it plain that 'most, if not all,' of the factors used to determine a reasonable fee are already subsumed in the lodestar, and it is not permissible to enhance a fee based on a factor that is subsumed.").  In fact, the result obtained in this case is part of the reason that I am recommending an hourly rate of $375 when I only found $350 to be reasonable for Mr. Kozolchyk 2 years ago.

Ultimately, I find that Plaintiffs have failed to show that this is the type of rare and exceptional case deserving of a multiplier.  Rather, the presumptively reasonable lodestar is plainly reasonable in this case.[4]

### **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 142] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiffs attorney's fees in the amount of $127,265.62 and non-taxable costs in the amount of $600, for a total award of **$127,865.62**, plus interest.[5]

---

[4] I note that I have considered the arguments in the briefing regarding settlement offers that were exchanged during the course of the litigation.  I find that this issue does not impact the lodestar figure in this matter or the reasonableness of the fee award that I am recommending.  *Cf. Laney*, 844 F. App'x at 210 (noting that while a district court is permitted "to compare the settlement demand and the settlement amount, it [is] not require[d] . . . to do so").  It is one thing when attorney's fees get in the way of settlement.  However, nothing in this case shows that the attorneys acted as a roadblock to settlement.

[5] *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 408 (11th Cir. 2009) ("It is appropriate to impose post-judgment interest on awards of attorneys' fees and costs in an FLSA case.").

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 29th day of June 2022.

**Jared M. Strauss**
**United States Magistrate Judge**