UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61557-WPD

ANTHONY JEROME WALKER, MERISIER MODELET,
TERRY BROWN-MONDESIR,
JOHN MICHAEL MUNRO, JENNIE
TOMASELLO SKULA, MARIE DEPAROLESA
DAWN CHARLTON, MARJORIE CONNOR,

    Plaintiffs,

vs.

GRAMPA'S REAL ESTATE INC. d/b/a GRAMPA'S
BAKERY & RESTAURANT, CAROL GRAMPA,

    Defendants.
_____/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; GRANTING IN PART PLAINTIFFS' VERIFIED MOTION FOR ATTORNEY'S FEES PURSUANT TO 29 U.S.C. § 216(b), REQUEST FOR FEE MULTIPLIER, AND NON-TAXABLE COSTS**

THIS CAUSE is before the Court upon Plaintiffs' Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. § 216(b), Request for Fee Multiplier, and Non-Taxable Costs [DE 142] and the Report and Recommendation of Magistrate Judge Jared M. Strauss (the "Report") [DE 160], dated June 29, 2022. The Court has conducted a *de novo* review of the Report [DE 160], Plaintiffs' Objections to Report and Recommendation [DE 167], and the record herein. The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the

specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiffs' Objections to Report and Recommendation. [DE 167]. Having carefully considered Plaintiffs' Objections, the Court overrules the Objections. The Court agrees with Judge Strauss that $375 per hour is a reasonable hourly rate for Plaintiffs' counsel in this matter. As Judge Strauss pointed out in the Report, "other judges in this district who have considered Mr. Kozolchyk's reasonable hourly rate over the last few years have overwhelmingly found $350 or $375 (and no more) to be reasonable." *Id.* at 6. Furthermore, the Court agrees with Judge Strauss that Plaintiffs' counsel has failed to show that this case is more complex than a run-of-the-mill FLSA case. *Id.* Plaintiffs' counsel's objections do not otherwise address how his work in this case entitles him to him to more than the reasonable rate of $375 per hour, which the Court agrees is "'at the high end of the range of rates charged in' this district for FLSA attorneys." *Id.* (citing *Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 160] is hereby **APPROVED**;

2. Plaintiffs' Objections to Report and Recommendation [DE 167] are **OVERRULED**;

3. Plaintiffs' Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. § 216(b), Request for Fee Multiplier, and Non-Taxable Costs [DE 142] is hereby **GRANTED IN PART AND DENIED IN PART**;

4. Plaintiffs' are hereby awarded attorney's fees in the amount of $127,265.62 and non-taxable costs in the amount of $600, for a total award of $127,865.62 plus interest.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of July, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record