UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61557-DIMITROULEAS/STRAUSS

**ANTHONY JEROME WALKER**, *et al.*,

    Plaintiffs,

v.

**GRAMPA'S REAL ESTATE INC.**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiffs' Verified Motion for Supplemental Fees Pursuant to 29 U.S.C. § 216(b) [DE 162] ("Supplemental Fee Motion"). The Supplemental Fee Motion has been referred to me for appropriate disposition or report and recommendation [DE 164, 166]. I have reviewed the Motion, the Response [DE 170] and Reply [DE 173] thereto, and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Supplemental Fee Motion be **GRANTED IN PART and DENIED IN PART** and that Plaintiffs be awarded attorney's fees in the amount of **$21,600**.

## BACKGROUND

On February 2, 2022, following the conclusion of a three-day jury trial in this matter, the jury rendered a verdict in Plaintiffs' favor [DE 116].[1] In accordance with the jury's verdict, on February 3, 2022, the Court entered a Final Judgment in favor of Plaintiffs and against both

---

[1] Initially, there were 13 Plaintiffs in this case. However, only eight Plaintiffs remained at the time of trial – the Court dismissed two Plaintiffs for lack of prosecution, and three other Plaintiffs voluntarily dismissed their claims prior to trial. *See* [DE 75, 94, 95].

Defendants [DE 115]. Thereunder, Plaintiffs were awarded a total of $290,715.54, which they assert is 99.98% of the amount they sought at trial.

Following trial, Defendants filed a Motion for Remittitur, or, Alternatively, for New Trial as to Damages Only [DE 127] ("Remittitur Motion"). Defendants challenged at least some aspect of the amounts awarded to all Plaintiffs other than Marie Deparolesa. The Court granted the Remittitur Motion in part [DE 158] and entered an Amended Final Judgment [DE 159] on May 19, 2022. Thereunder, Plaintiffs were awarded a total of $268,226.12,[2] as follows:

| | |
|---|---|
| Anthony Walker | $77,110.80 |
| Merisier Modelet | $92,835.96 |
| Terry Brown-Mondesir | $8,238.96 |
| John Michael Munro | $5,844.94 |
| Jennie Tomasello Skula | $46,799.42 |
| Marie Deparolesa | $4,367.98 |
| Dawn Charlton | $16,883.00 |
| Marjorie Connor | $16,145.06 |

Thus, even with the reductions, Plaintiffs were still awarded the substantial majority of the amounts sought at trial. At any rate, because Plaintiffs prevailed in this case, it is undisputed that they are entitled to an award of reasonable attorney's fees. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985))); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) ("Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" (quoting 29 U.S.C. § 216(b))).

---

[2] The majority of the reduction – $14,923.06 of the $22,489.42 reduction – was attributable to Plaintiff John Michael Munro.

Consequently, on April 2, 2022, Plaintiffs filed their Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. § 216(b), Request for Fee Multiplier, and Non-Taxable Costs [DE 142] ("Initial Fee Motion"). Pursuant to the Initial Fee Motion, Plaintiffs sought an award of attorney's fees in the amount of $203,625.00, a sum comprised of 452.5 hours at an hourly rate of $450. On June 29, 2022, I entered a Report and Recommendation [DE 160] ("Prior Fee R&R"), recommending that the Initial Fee Motion be granted in part and denied in part. Specifically, because I found Plaintiffs' counsel's reasonable hourly rate to be $375 (and no greater), and because I found an across-the-board reduction of 25% to be appropriate (with respect to the number of hours billed), I recommended that Plaintiffs be awarded attorney's fees in the amount of $127,265.62.[3] On July 15, 2022, the District Court entered an Order Approving Report of Magistrate Judge; Overruling Objections; Granting in Part Plaintiffs' Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. § 216(b), Request for Fee Multiplier, and Non-Taxable Costs [DE 168] ("Fee Order"). Thus, in accordance with the Prior Fee R&R, the Fee Order awarded Plaintiffs $127,265.62 in attorney's fees (and $600 in non-taxable costs).

Now, pursuant to the Supplemental Fee Motion, Plaintiffs seek a supplemental award of attorney's fees in the amount of $26,960. This sum is comprised of 67.4 hours at an hourly rate of $400.[4] The hours sought run from March 6, 2022 through June 21, 2022, *see* [DE 162-1], and therefore do not overlap with the hours sought under the Initial Fee Motion.[5]

---

[3] I also recommended that Plaintiffs be awarded non-taxable costs in the amount of $600.

[4] Page 2 of the Supplemental Fee Motion indicates that Plaintiffs are seeking fees in the amount of $30,330, a sum comprised of 67.4 hours at an hourly rate of $450. However, page 9 of the Supplemental Fee Motion indicates that counsel is seeking a rate of $400, not $450. Additionally, the billing records [DE 162-1] attached to the Motion include a rate of $400 – not $450 – and a total fee amount of $26,960 (67.4 hours at an hourly rate of $400) – not $30,330.

[5] The Initial Fee Motion only sought hours incurred through March 4, 2022. *See* [DE 142-1].

3

## ANALYSIS

When determining the reasonableness of attorney's fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

4

independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

Here, Plaintiffs' counsel's reasonable hourly rate is $375 (and no greater) for the reasons discussed in the Prior Fee R&R [DE 160] and the Fee Order [DE 168]. That leaves the issue of the number of hours reasonably expended by counsel.

The majority of the 67.4 hours at issue pertain to the Remittitur Motion. Specifically, Plaintiffs' counsel seeks 2 hours for reviewing the Remittitur Motion [DE 127], 15.4 hours for preparing Plaintiffs' response [DE 134] to the Remittitur Motion (over 5 separate days), 2.2 hours for related legal research, 7.2 hours for reviewing transcripts from certain portions of trial [DE 136-39], 28.5 hours for preparing the exhibits to Plaintiffs' response [DE 134] to the Remittitur Motion, 0.4 hours for reviewing Defendants' reply [DE 148], 0.2 hours for reviewing a related extension motion and order [DE 145, 146], and 0.4 hours for reviewing the Court's order on the Remittitur Motion [DE 158]. Thus, 56.3 of the 67.4 hours sought were incurred for tasks related to the Remittitur Motion. The remaining 11.1 hours sought include 5.2 hours for preparing Plaintiffs' reply [DE 157] for the Initial Fee Motion, 2 hours for preparing the Supplemental Fee

5

Motion [DE 162], and 3.9 hours for multiple entries that are each individually under 1 hour (several are 0.1 hours).

Defendants primarily object on the basis that the number of hours billed by Plaintiffs' counsel is excessive, noting that such hours substantially exceed the number of hours billed by Defendants' counsel during the same period of time. According to Defendants, from the time they started working on the Remittitur Motion, they billed a total of 32.6 hours, which is less than half of the 67.4 hours billed by Plaintiffs' counsel on essentially the same tasks. While the amount billed by opposing counsel may be relevant in certain limited situations – such as for an entry where both attorneys were on the same call – "the time expended by opposing counsel is seldom relevant to a determination of hours reasonably expended on many tasks." *Norman*, 836 F.2d at 1306 n.3; *see also Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 803 (11th Cir. 2012); *Henson v. Columbus Bank & Tr. Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985); *Harkless v. Sweeny Indep. Sch. Dist., Sweeny, Tex.*, 608 F.2d 594, 598 (5th Cir. 1979).

Ultimately, Defendants contend that Plaintiffs' counsel's hours should be reduced by at least 50%. In fact, they contend that $7,500 represents a reasonable fee award, but they fail to explain how they arrived at this figure or why it represents a reasonable amount. Defendants' proposed award of $7,500 would essentially reduce Plaintiffs' counsel's hours to 20 (at a rate of $375), a reduction of approximately 70%. As discussed herein, while Plaintiffs have not necessarily met their burden of showing that all of the hours billed are reasonable, Defendants have undoubtedly failed to show that a reduction of anything close to 50% is warranted. *See Barnes*, 168 F.3d at 428 ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'").

In addition to reviewing the parties' briefing on the Supplemental Fee Motion, I have reviewed the briefing and order on the Remittitur Motion, the exhibits to Plaintiffs' response to the Remittitur Motion, and other filings that are the subject of the time entries pertaining to the Supplemental Fee Motion. Having done so, and having reviewed all of Plaintiffs' counsel's time entries, I find that certain reductions are warranted.

First, I find it appropriate to deduct 0.9 hours from the 7.2 hours Plaintiffs' counsel spent reviewing trial transcripts. Specifically, this reduction pertains to the 2.8-hour entry for reviewing the transcript from the afternoon of the second day of trial [DE 137]. Four witnesses testified that afternoon, including Plaintiff Marie Deparolesa. However, it was unnecessary to review her testimony given that her award was not challenged in the Remittitur Motion. While it could have reasonably taken the 2.8 hours billed to review the entire transcript, which contains roughly 130 pages of testimony,[6] it could not have reasonably taken that long to review the transcript excluding Ms. Deparolesa's testimony (in this non-complex FLSA case). Approximately 40 of the 130 pages pertain to Ms. Deparolesa's testimony. Therefore, I have reduced the 2.8-hour entry by 0.9 hours (40/130 * 2.8 = 0.86).

Second, I find that the time spent on the response to the Remittitur Motion and the exhibits thereto was somewhat excessive, particularly in light of all of the time counsel spent during the case, including leading up to trial, reviewing (and re-reviewing) time and pay records and conducting related analysis and calculations. *See, e.g.*, Prior Fee R&R at 13-15. While counsel obviously needed to ensure that the information provided was consistent with the testimony at trial, he should have already had much of the relevant numbers at his fingertips in light of all of

---

[6] By way of comparison, I find that counsel reasonably billed 2.6 hours to review DE 139, a transcript that contains, among other things, approximately 130 pages of testimony from other Plaintiffs.

the time he spent on related issues leading up to trial. Moreover, all of the time spent preparing the exhibits to Plaintiffs' response to the Remittitur Motion – 28.5 hours for preparing the exhibits, which seems a bit excessive – combined with the time spent reviewing trial transcripts and conducting research should have effectively laid the groundwork for preparing the response to the Remittitur Motion. Stated differently, preparing the response should have been a relatively seamless task once the exhibits to the response were prepared. Also, an additional issue with the time entries pertaining to preparing the response (but not the exhibits) is that those entries do not address the portions of the response to which they pertain. In other words, the Remittitur Motion sought to reduce the award for 7 Plaintiffs, but the time entries for working on the response do not indicate the amount of time spent preparing portions related to each Plaintiff. The entries merely indicate that counsel "[s]tarted drafting," "[c]ontinued drafting," and "[f]inished drafting" the response. Such descriptions are insufficient given Plaintiff's burden. These are some of the issues with Plaintiffs' counsel's time entries for preparing the response (totaling 15.4 hours) and exhibits thereto (totaling 28.5 hours).

The question becomes how to do "rough justice." *See Fox*, 563 U.S. at 838. Under the circumstances, I find that allowing 1 hour of time, for each of the 7 Plaintiffs at issue, for preparing the response to the Remittitur Motion, to be reasonable. In other words, I find it appropriate to deduct 8.4 hours. To be clear, I credit that it reasonably took somewhat more than 7 hours to prepare the response, but the 8.4-hour reduction accounts for not only excessive time spent on the response but also the inadequate descriptions and the excessive and unnecessary time spent on at least some of the exhibits to the response.[7] Simply stated, my proposed reduction – of 8.4 hours

---

[7] I also credit that it reasonably took Plaintiffs' counsel more time to address issues pertaining to the Remittitur Motion – which sought to reduce Plaintiffs' judgment by more than 40% – than Defendant's counsel. *See* [DE 173] at 1-2. Additionally, I agree with Plaintiffs that their large

from the 43.9 hours for preparing the response and exhibits – does "rough justice" even if it does not necessarily "achieve auditing perfection." *Id.*

Third, the other time entries to which Defendants object in a reasonably precise manner are Plaintiffs' counsel's 5.2-hour entry for preparing Plaintiffs' reply [DE 157] for the Initial Fee Motion and counsel's 2-hour entry for preparing the Supplemental Fee Motion [DE 162]. *See* [DE 170] at 7-8. As to the 5.2 hours billed for the reply in support of the Initial Fee Motion, Defendants contend the amount billed is unreasonable in light of the number of hours Defendants' counsel billed in connection with Defendants' lengthier response to the Initial Fee Motion. However, this is somewhat of an oversimplification, and as indicated above, the amount of time spent by Defendants' counsel generally has little bearing on whether the amount of time spent by Plaintiffs' counsel was reasonable. Defendants also imply that it was unreasonable for Plaintiffs' counsel to bill more time for the reply (5.2 hours) than for the Initial Fee Motion (4 hours), noting my observation in the Prior Fee R&R that much of the Initial Fee Motion was recycled from earlier filings. However, it is often reasonable to spend more time on the response and reply to a fee motion than the motion itself, at least for attorneys who regularly file fee motions, given that they can prepare substantial portions of such motions using prior templates. Thus, neither of Defendants' arguments justify reducing counsel's 5.2-hour reply entry. I also note that Defendants have not explained what amount would be reasonable for this entry.

---

degree of success in opposing the Remittitur Motion shows that most of the time incurred in connection with opposing the Remittitur Motion was necessary. I do question the propriety of all of the hours Plaintiffs' counsel dedicated to Plaintiff Munro (whose award was reduced commensurate with Defendants' requested reduction) – including at least 4.8 hours incurred on March 14 and 15, 2022. Nonetheless, I do not find that this issue warrants a reduction beyond the 8.4-hour reduction that I recommend.

With respect to the 2-hour entry for preparing the Supplemental Fee Motion, Defendants contend that the time billed is excessive because the motion spends time addressing undisputed issues (the ability to recover "fees for fees" and fees for collections in this case), spends unnecessary time addressing a losing argument pertaining to Munro's damages that the district court rejected in connection with the Remittitur Motion, and repeats arguments from the Initial Fee Motion regarding Plaintiffs' counsel's reasonable hourly rate. As to addressing the "fees for fees" issue, I find that it was reasonable for counsel to do so. While Defendants contend the issue was not disputed, Plaintiffs' counsel appropriately notes that Defendants never conceded the issue either. In other words, it does not appear that Defendants' counsel made clear to Plaintiffs' counsel that the issue was not disputed. As to addressing fees for collections and counsel's rate, I presume no time was billed as counsel was merely repeating prior arguments on these issues (and also added a couple block quotes from a previously cited case). Therefore, I consider whether 2 hours was reasonably billed for the Supplemental Fee Motion with this presumption in mind.

The new (non-recycled) material in the Supplemental Fee Motion is effectively comprised of a few simple sentences regarding the Remittitur Motion on page 2, at least some of the content on page 3, and the majority of the content on pages 5 and 6. The Munro argument referenced above occupies page 6. Regardless of the parties' characterization of the Munro issue – Plaintiffs provided a different characterization on page 7 of their reply [DE 173] – I am similarly confused as to why it was necessary or reasonable to incur any time discussing this issue in the Supplemental Fee Motion. With that in mind, and considering the new content that counsel drafted for the Supplemental Fee Motion, I find it appropriate to deduct 0.5 hours from counsel's 2-hour time entry for the Supplemental Fee Motion.

For the foregoing reasons, I find that Plaintiffs' counsel's reasonable hourly rate is $375 and that counsel reasonably expended 57.6 hours of work (67.4 – 0.9 – 8.4 – 0.5 = 57.6) on behalf of Plaintiffs in this matter (between March 6, 2022 and June 21, 2022, *see* DE 162-1). Therefore, the lodestar figure for the tasks at issue is $21,600 ($375 * 57.6 hours). I find that the lodestar represents a reasonable fee award here.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Supplemental Fee Motion [DE 162] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiffs attorney's fees in the amount of **$21,600**, plus interest.[8]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 16th day of August 2022.

Jared M. Strauss
United States Magistrate Judge

---

[8] *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 408 (11th Cir. 2009) ("It is appropriate to impose post-judgment interest on awards of attorneys' fees and costs in an FLSA case.").